## HOLEPROOF HOSIERY CO. v. WALLACH BROS.

(Circuit Court of Appeals, Second Circuit. December 11, 1911.)

No. 59.

TRADE-MARKS AND TRADE-NAMES (§ 93*)—UNFAIR COMPETITION—INTENT TO DECEIVE—EVIDENCE—WEIGHT.

On bill to enjoin the use by a competitor of a certain kind of package for hosiery, evidence *held* insufficient to show intent by defendant to deceive.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 93.*

Unfair competition in use of trade-mark or trade-name, see Notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Bill by the Holeproof Hosiery Company against Wallach Bros. From a decree for complainant (190 Fed. 606), defendants appeal. Partly reversed, and partly affirmed.

Appeal from a final decree enjoining the defendant from using or employing a certain package for hosiery and from supplying "Knotair" hosiery in response to requests for "Holeproof" hosiery.

This is the second time this case had been before this court. It came up before (172 Fed. 859, 97 C. C. A. 263) upon an appeal from an order granting a preliminary injunction against the use of the package aforesaid and other injunctive relief. The order was set aside in so far as it restrained the defendant from using said package but was affirmed in other particulars.

Gardenhire & Jetmore (Aaron P. Jetmore, of counsel), for appellant.

Walter C. Booth (Frank F. Reed and Edward S. Rogers, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). Upon the previous appeal this court said:

"Taking into consideration resemblances in shape and character of package which result from conformity to custom of trade, we are unable to concur in the conclusion that there is sufficient similarity as to packages, labeling, etc., to warrant a preliminary injunction, in the absence of proof that any one has been deceived by the defendant's acts in that regard."

There is no contention that any proof has been offered to show that any one has been deceived by the defendant's package and, consequently, the inquiry upon the present record is whether a situation is disclosed materially different from that presented before. The complainant contends that there are substantial differences in the testimony. It says, in the first place, that the resemblances in shape and character of the package are shown by the present testimony not to be attributable in any degree to trade custom. It urges, in the second place, that the history of the "Knotair" product and the acts of the defendant as now disclosed demonstrate an intent to deceive.

---

With respect to the first contention we find nothing in the present record to call for a modification of our former statement concerning resemblances arising from the custom of the trade. The present testimony shows what appeared before, that all hosiery boxes are of the same general size and shape and have their contents similarly packed. It also appears that hosiery boxes are of different colors; yellow being not uncommon.

With respect to the contention that an intent to deceive is clearly shown, we think it necessary only to examine certain acts upon which stress is laid in the opinion of the District Judge and which we did not consider before.

It is stated, in substance, that the defendant after dealing in the complainant's goods accepted the agency for the "Knotair" hosiery and thereupon procured the color of the boxes in which such hosiery was sold to be changed from red to yellow and other changes to be made in imitation of the complainant's packages. If we were satisfied that this is what the defendant did, we should have little difficulty in reaching the conclusion of the court below that the defendant's intention was dishonest. But we are not so satisfied. It appears that the defendant had not sold the complainant's goods for some ten years before the acts complained of and that the goods it then sold were not at all the same as those it is now charged with imitating. Furthermore we are satisfied that the similarity in labels, bands and forms of guaranty arose rather from a desire to appropriate the complainant's idea of guaranteed hosiery than from an intention to palm off its "Knotair" goods for the complainant's product. So we are not satisfied that the color of the boxes was changed for a dishonest purpose. The statement that yellow boxes were adopted to conform to the color scheme of the defendant's stores seems not unreasonable.

It must be distinctly borne in mind that the principal advertisements of the complainant's goods in the field covered by the defendant's stores pointed out Brill Bros. as the exclusive agents. Undoubtedly these advertisements created a demand both for complainant's goods and for guaranteed hosiery in general. The latter demand might naturally have been expected to inure to the benefit of the defendant if it put itself into a position to fill it. It is evident why the defendant put in a line of guaranteed hosiery and availed itself of some of the complainant's ideas in that respect. But how the defendant could have expected any such demand for the particular goods of the complainant, which were advertised to be sold only in other stores, as to hold out any inducement to an elaborate fraudulent scheme to deceive, is more than we can imagine.

Without further examining the question, it is enough to say that we find nothing in the record requiring us to change our conclusion reached upon the former hearing, and this requires a reversal of the decree with respect to the injunction against the use of the packages. In other respects we are satisfied that the injunction should stand, but the complainant is not entitled to an accounting. Costs upon this appeal are awarded to the appellant.